## SALCEDO OIL CO. v. OTERO

———

(April 11, 1927. Opinion and Decree.)

———

(Syllabus by the Court)

1. Louisiana Digest—Appeal—Par. 625.

The judgment of the trial court will be affirmed when only matters of fact are involved, unless that judgment is palpably erroneous.

Appeal from Division "B", First City Court. Hon. Val Stentz, Judge.

Action by Salcedo Oil Co. against Richard B. Otero.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

F. B. Freeland, of New Orleans, attorney for plaintiff, appellee.

C. S. Hebert, of New Orleans, attorney for defendant, appellant.

JONES, J. Plaintiff sues defendant for two hundred forty-three and 91-100 ($243.91) dollars, balance due on open account. The answer which does not appear in the record is said to have been a general denial.

The entire record, consisting of the pleadings and exhibits, was lost in the lower court, but fortunately a copy of the petition, the annexed account, the judgment below and the evidence were found and constitute the record as filed in this court.

Paragraph IV of the petition reads as follows:

"That the said Richard B. Otero on March 7, 1925, acknowledged part of the

aforesaid account by endorsing a promissory note for $143.00, made and signed 'Otero Auto Lodge, Henry V. Smith, Mgr.', payable 90 days after date and given to petitioner by the said Otero; that no part of the said note has been paid and petitioner, herewith, returns said note, annexed hereto and made part hereof."

The court below gave judgment for one hundred forty-three ($143.00) dollars and defendant has taken a suspensive appeal.

As this appeal was lodged in this court on February 21, 1927, and as plaintiff did not file his answer to the appeal asking for an increase of the judgment to the amount claimed until March 29th, that answer came too late and cannot be considered.

Only questions of fact are involved and although the voluminous evidence is somewhat contradictory in parts, a careful reading convinces us that it abundantly sustains the conclusion of the trial judge.

Defendant's able attorney both in argument and brief insists that the lower judge gave him judgment for the amount of the note because the note was annexed to the petition and that he erroneously treated this as a suit on the note. However, the record does not sustain this contention, but it does tend to show the note was given as an acknowledgment of balance due on settlement of accounts between the plaintiff and defendant and we think that the conclusion of the trial judge is far more consistent with the usual business transactions and therefore far more probable than defendant's contention.

For above reasons the judgment is affirmed.